UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at ASHLAND

Civil Action No. 06-128-HRW

JESSICA CATLIN,                                                        PLAINTIFF,

v.            **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,            DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for disability insurance benefits and supplemental security income benefits in April of 2003, alleging disability beginning on December 31, 2002, due to residuals from seizures and hearing and vision problems (Tr. 56, 64, 68). This application was denied initially and on

reconsideration and in an Administrative Law Judge decision issued on October 1, 2004 (Tr. 314-321). The Appeals Council denied review and the claimant sought an appeal in the united States District Court (Tr. 327-329). Upon motion of the Defendant, the case was remanded pursuant to Sentence Four of 42 U.S.C. §405(g) because meaningful judicial review was not possible as an extensive portion of the hearing transcript, including vocational expert testimony, was inaudible (Tr. 335)

On February 28, 2006, an administrative hearing was conducted by Administrative Law Judge Charlie Paul Andrus (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Gina Baldwin, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

>Step 1: If the claimant is performing substantial gainful work, he is not disabled.

>Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

>Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without

2

further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On March 27, 2006, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 272-279). Plaintiff was 24 years old at the time of the hearing decision. She has a high school education. Her past relevant work experience consists of work as a cook, cashier and salad bar attendant in the fast food industry.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity at any time relevant to the decision (Tr.274).

The ALJ then determined, at Step 2, that Plaintiff suffered from chronic lumbar spine strain, diminished visual acuity, borderline intellectual functioning and a history of seizure disorder, which he found to be "severe" within the meaning of the Regulations (Tr. 275).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 275). In doing so, the ALJ specifically considered listings 1.00. 1.04A, 2.00, 2.02, 12.00 and 12.05 (Tr. 275-

276).

The ALJ further found that Plaintiff could not return to her past relevant work (Tr. 277) but determined that she has the residual functional capacity ("RFC") to perform light work, with certain restrictions, as set forth in his decision (Tr. 276-277).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 278). Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on August 10, 2006 (Tr. 256-259).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 10 and 13] and this matter is ripe for decision.

### III. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

    In support of her appeal, Plaintiff argues that the ALJ did not properly consider her cognitive functioning and her left side weakness/numbness due to a previous stroke.

    Contrary to Plaintiff's assertion, the ALJ did consider her cognitive function and concluded that she was only moderately limited in this regard. The record supports this finding. Stuart Cooke, PhD, conducted a psychological evaluation on

5

December 29, 2006 and concluded that Plaintiff had borderline intellectual functioning and a GAF of 60(Tr. 360-367).  Dr. Cooke further opined Plaintiff's ability to understand, retain and follow instructions was at least fair (Tr. 363-364) as was her ability to maintain concentration, relate to other people and tolerate the stress associated with daily work (Tr. 363-364).  Dr. Cooke also noted that Plaintiff denied having emotional problems.  There is nothing in the record which calls into the question the credibility of Dr. Cooke's opinion.

Notably, during this examination, Plaintiff told Dr. Cooke that she left her job in 2003 because she had a conflict with management, not because of a physical or mental impairment (Tr. 362).

As for Plaintiff's allegations of disabling left-side numbness, there is nothing in the record to support this claim.  A June 4, 2003 consultative examination by Dr. Rita Ratliff showed no evidence which would support severe restrictions in handling objects, carrying, lifting or moving about.  Nor did Dr. Ratliff find that any assistive devices were required for ambulation.  Dr. Ratliff noted that Plaintiff was able to hear and understand normal conversation without difficulty (Tr. 138-141).

The medical evidence does not support a finding of total disability but supports only moderate limitations which are reflected in the ALJ's RFC.

In addition, Plaintiff's daily and household activities belie her argument of disabling impairment. The record reveals that Plaintiff can drive and that she reads, maintains personal hygiene and performs a variety of domestic chores (Tr. 276, 297, 302). The Sixth Circuit Court of Appeals has stated that "[a]n ALJ may consider household and social activities engaged in by the claimant in evaluating a claimant's assertions of pain or ailments." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 532 (6th Cir. 1997).

Plaintiff also contends that the VE's testimony, given in response to hypothetical questions posed by the ALJ, was not supported by substantial evidence and, thus, should not have been relied upon by the ALJ. The Defendant argues that the hypothetical questions posed to the VE by the ALJ complied with this circuit's long-standing rule that the hypothetical question is proper where it accurately describes a claimant's functional limitations. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779. (6th Cir. 1987). This rule is necessarily tempered by the requirement that the ALJ incorporate only those limitations which he or she finds to be credible. *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1235 (6th Cir. 1993).

In this case, the hypotheticals posed accurately portray the RFC as formulated based upon the objective medical evidence. The record is devoid of

credible medical evidence suggesting functional limitations beyond those found by the ALJ. Given the objective medical evidence in the record, the hypothetical was factually supported by the evidence of record and, thus, the response thereto constitutes substantial evidence in support of the ALJ's decision.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This April 25, 2007.

Signed By:
*Henry R Wilhoit Jr.*
United States District Judge